UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENNIE GIBSON,

                        Plaintiff,

   -against-                                   No: 9:10-CV-0968 (LEK/TWD)

BRIAN FISCHER, Commissioner, New York State Department of Correctional Services (NYS DOCS); DEPUTY COMMISSIONER, NYS DOCS; ADA PEREZ, Superintendent, Downstate Correctional Facility; B. SWANHART, Correctional Officer, Downstate Correctional Facility; JANE DOE, Hearing Officer, Downstate Correctional Facility; LEO BISCEGLIA, Superintendent, Adirondack Correctional Facility, *et al.*,

                        Defendants.
_____

## MEMORANDUM-DECISION and ORDER

**I.**    **INTRODUCTION**

Presently before the Court are two Motions filed by *pro se* Plaintiff Bennie Gibson ("Plaintiff") seeking preliminary injunctive relief and an Appeal from the Order issued in this case by now-retired U.S. Magistrate Judge George H. Lowe on February 6, 2012.[1]  Dkt. Nos. 69, 99, 104.

**II.**    **BACKGROUND**

In August 2010, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, asserting claims for the alleged violation of his due process rights arising out of

---

[1] Upon the retirement of Magistrate Judge Lowe, this case was assigned to Magistrate Judge Thérèse Wiley Dancks.  Dkt. No. 103.  Magistrate Judge Dancks was appointed to the Northern District bench in February 2012.

disciplinary proceedings conducted at Downstate Correctional Facility ("Downstate") and Adirondack Correctional Facility. See Dkt. No. 1 ("Complaint"). Plaintiff also claimed that corrections officers used excessive force against him during an incident at Downstate and that he was subjected to harassment and verbal abuse at both facilities. Id.

Plaintiff did not pay the filing fee for this action, but filed an Application to proceed *in forma pauperis*. Dkt. No. 2 ("IFP Application"). In a Memorandum-Decision and Order filed December 10, 2010, the Court denied Plaintiff's IFP Application pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Dkt. No. 8. Plaintiff was directed to pay the $350.00 statutory filing fee if he wished to pursue this action. Id. at 6. Plaintiff subsequently paid the filing fee in full on June 10, 2011. By Order filed September 6, 2011, the U.S. Marshal was appointed to effect service of process on Plaintiff's behalf, provided that Plaintiff paid the costs thereof and provided the required documents. Dkt. No. 43.

Plaintiff filed an Amended Complaint in October 2011. Dkt. No. 50 ("Amended Complaint"). In a Text Order issued November 22, 2011, Magistrate Judge Lowe advised Plaintiff that his Amended Complaint was before the Court and that the Clerk would be directed to issue summonses after review of that pleading. In the months preceding and following the Text Order, Plaintiff sent numerous letters to the Court regarding his Amended Complaint and service of process. See Dkt. Nos. 45, 48, 49, 52-68.

On January 6, 2012, Plaintiff's Amended Complaint was accepted for filing, and the Clerk was directed to issue summonses and forward them to the U.S. Marshal for service of process on Plaintiff's behalf in accordance with the Court's prior Order. Dkt. No. 72. Summonses were duly issued by the Clerk of the Court. Dkt. No. 73.

As of the date of this Decision and Order, fifteen of the nineteen named Defendants have acknowledged service of process. Dkt. Nos. 79-81, 84-90, 96-98, 102.[2] On March 29, 2012, the represented Defendants filed a Motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 121. On May 2, Plaintiff filed his Response to the Motion to dismiss. Dkt. No. 131.

### III.   DISCUSSION

**A.  Motions for Preliminary Injunctive Relief**

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011).[3]

---

[2] According to Defendants' counsel, service of process was also accepted on behalf of Defendant "John Doe, Deputy Commissioner." See Dkt. No. 108; see also Text Order issued February 28, 2012.

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. See 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. See 18 U.S.C. § 3626(a)(1)(A).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd., 437 F. App'x 57, 58 (2d Cir. 2011) (quoting Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote, or future injury is not the province of injunctive relief. Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement, must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Bisnews AFE (Thailand), 437 F. App'x at 58 (quoting Faiveley, 559 F.3d at 118).

*i. Motion regarding service of process*

By his first Motion, Plaintiff expresses concern that mail sent by him in November 2011 to the U.S. Marshal (consisting of copies of the Amended Complaint, documents required for service, and payment of the costs of service) was improperly interfered with either by employees at Upstate Correctional Facility (where he is confined) or by employees of the U.S. Postal Service. Dkt. No. 69 at 2-3. Plaintiff states that he has been unable to obtain information regarding the status of his mailings and requests that this Court issue such relief as may be necessary to protect and preserve his right to prosecute his claims in this action. Id. at 1-2.

As discussed above, summonses were issued by the Clerk of the Court on January 6, 2012, as directed by Magistrate Judge Lowe upon review of the Amended Complaint. See Dkt. No. 73. Until that time, the U.S. Marshal was not authorized to take action with respect to the service documents sent by Plaintiff in November 2011. The U.S. Marshal has since successfully effected service of process on the vast majority of the Defendants. In addition, by letter dated January 15,

2012, Plaintiff acknowledged that the U.S. Marshal had received the check he sent to pay the costs of service. See Dkt. No. 92.

Upon a thorough consideration of Plaintiff's submissions and review of the docket, his Motion for injunctive relief is therefore denied as moot.

*ii. Motion regarding access to the law library*

On February 7, 2012, Plaintiff filed a Motion requesting the Court's assistance in securing him access to the law library at Upstate Correctional Facility. Dkt. No. 99. According to Plaintiff, he was not able to go to the library because he was confined in the special housing unit ("SHU") on a disciplinary ticket. Id. Plaintiff states that he intends to amend his pleading further in this action and complains that the disciplinary ticket was improperly issued and "designed to stop access to law library and court system." See Dkt. No. 91. By letter dated March 23, 2012, however, Plaintiff advised that he was released "early" from SHU. See Dkt. No. 122.

Upon review, therefore, the Court finds that Plaintiff's Motion for injunctive relief regarding law library access while confined in SHU is moot. The Motion is therefore denied.

**B. Appeal from Magistrate Judge Order**

Plaintiff appeals from the Text Order issued by Magistrate Judge Lowe on February 6, 2012, granting Defendants' request for an extension of the deadline for their response to the Amended Complaint. Dkt. No. 104. As of the date of that request, only ten Defendants had acknowledged service of process. Counsel requested that the response deadline be reset in order to permit an investigation of Plaintiff's claims and to avoid multiple responses on behalf of the as yet unserved Defendants. Dkt. No. 95. The response deadline was reset to March 30, 2012.

Plaintiff objects to the resetting of the response deadline on the ground that the request was

made by letter, a response was not requested from Plaintiff, and the duration of the extension was "lengthy." Dkt. No. 104. Also included in this submission are allegations by Plaintiff that representatives of the New York Attorney General's Office have acted improperly in the course of defending state court matters initiated by Plaintiff. See id. at 1-6.

It is established law that a magistrate judge may issue orders regarding non-dispositive pretrial matters, that such matters are committed to the discretion of the magistrate judge, and that the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

The Order presently on appeal, which reset the deadline for the response to the Amended Complaint by Defendants, is in all respects proper, is not clearly erroneous or contrary to law, and does not reflect an abuse of discretion. Plaintiff's arguments that the Text Order is evidence of ethical violations on the part of the Attorney General's office wholly lacks merit. To the extent that Plaintiff's papers on this Appeal request relief unrelated to the Order on appeal, such relief is denied. Plaintiff's Appeal is therefore denied in its entirety.

**IV.     CONCLUSION**

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motions for Injunctive Relief (Dkt. Nos. 69, 99) are **DENIED as moot**; and it is further

**ORDERED**, that the Appeal (Dkt. No. 104) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   May 03, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge