UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

        Plaintiff,

  -against-            9:10-cv-0968 (LEK/TWD)

BRIAN FISCHER, *et al.*,

        Defendants.

**DECISION and ORDER**

**I. INTRODUCTION**

This civil rights action comes before the Court following a Report-Recommendation filed on October 23, 2014, by United States Magistrate Judge Thérèse Wiley Dancks, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 232 ("Report-Recommendation"). Judge Dancks recommends that Defendants Maher, Allen, Bushane, and Schreurs' (collectively, "Defendants") Motion for partial summary judgment be granted. Report-Rec.; Dkt. No. 218 ("Motion"). Plaintiff Bennie Gibson ("Plaintiff") timely filed Objections. Dkt. Nos. 235 ("Objections"); 238, 239, 240 (collectively, "Supplemental Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II. STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v.

Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### III. DISCUSSION

Plaintiff's Objections challenge Judge Dancks' finding that Plaintiff failed to exhaust administrative remedies regarding his excessive force claim. See generally Objs. Liberally construed, Plaintiff first argues that he did in fact file a grievance regarding excessive force by Allen and Maher. Id. at 2-3. In support, Plaintiff has submitted voluminous Exhibits, which—although neither cited nor referenced in Plaintiff's Objections or Supplemental Objections—presumably are intended to reveal that this grievance was indeed filed. The Court has carefully reviewed the entirety of Plaintiff's Exhibits and has found no grievance, or even a remote reference, to the use of force by Allen and Maher. See Dkt. Nos. 240-1 through 5. Plaintiff's Exhibits concern grievances and administrative proceedings regarding other named Defendants in this action, but do not address in any way the claims against Maher and Allen. See id. Therefore, Plaintiff has failed to demonstrate that he filed a grievance regarding the incident with Maher and Allen.

Plaintiff next argues that he was prevented from filing a grievance regarding the incident with Maher and Allen. Objs. at 2-3. Specifically, Plaintiff argues that immediately following the incident, which occurred at Adirondack Correctional Facility ("Adirondack"), he was transferred to Upstate Correctional Facility ("Upstate"), and officials at Upstate informed Plaintiff that they would not accept a grievance regarding an incident at Adirondack. Id. First, this argument directly

contradicts Plaintiff's initial argument that he "did indeed meet with defendants greivance and exhuasted [sic]." Id. at 2. Plaintiff could not have both filed his grievance and been simultaneously prevented from filing that same grievance. Moreover, even construing Plaintiff's argument with the utmost leniency, it is directly contradicted by evidence in the record. Plaintiff conceded in his deposition that after his transfer to Upstate, he successfully filed numerous grievances regarding incidents at Adirondack. Dkt. No. 218-7 at 35. Finally, Plaintiff has offered no evidence to support his conclusory allegation that correctional officers prevented him from filing this particular grievance or that he attempted to follow all of the steps of the grievance process. Therefore, Plaintiff has failed to demonstrate that he was prevented from filing a grievance regarding the incident with Maher and Allen.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 232) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants Maher, Allen, Bushane, and Schreurs' Motion (Dkt. No. 218) for partial summary judgement is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: December 15, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge